IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GARY and REBECCA HAMLIN,<br><br>    Plaintiffs,<br><br>vs.<br><br>TYLER ROBERT SMITH; HANSEN & ADKINS AUTO TRANSPORT; ROYAL TRUCK LEASING, LLC; ERIC VINCENT HARRIS; UNITED PARCEL SERVICE, INC.; MAHAMMEDFASHAL ISMAIL KAPADIYA; CANADA INC, d/b/a NASEEB TRANSPORT; NASEEB TRANSPORTATION; and DOES AND ROES 1 – 10,<br><br>    Defendants. | CV 25–125–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs' motion to remand. (Doc. 10.) For the reasons set forth below, the motion is GRANTED.

This action was originally filed in the Third Judicial District Court of Montana, Granite County. (*See* Doc. 1-1.) On August 6, 2025, Defendants Tyler Robert Smith, Hanson & Adkins Auto Transport, and Royal Truck Leasing, LLC ("Removing Defendants") removed the action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441. (Doc. 1.) However, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendant who have been properly joined and served must join in or consent to the removal of the action." This rule is referred to as "the rule of unanimity."

1

Importantly, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Here, Defendants Mahammedfashal Ismail Kapadiya and Canada Inc., although having been properly served at the time of removal, did not consent to removal. (Doc. 12 at 3.) Defendant Naseeb Transport had not been served at the time of removal. (*Id.* at 2.) In Removing Defendants' August 26, 2025 brief in opposition to Plaintiffs' motion to remand, Removing Defendants argue:

> Naseeb was served on August 11, 2025. As such, it has until September 10, 2025, to remove the matter on its own accord, as the Ninth Circuit has adopted the later-served rule. . . . If Naseeb was to file its own removal within its own 30-day timeframe, all other defendants could then consent at that time. . . . At this juncture, the Removing Defendants believe that the remaining "non-consenting" defendants will do so when they have obtained counsel and appear in the matter.
>
> . . .
>
> In conclusion, Removing Defendants request that the Court allow Mr. Kapadiya and Naseeb Transport to appear and express their position on removal.

(Doc. 12 at 5.) Counsel for Kapadiya filed a notice of appearance on September 19, 2025 (Doc. 15) and has yet to expressly consent to removal. Likewise, despite being served on August 11, 2025 (*see* Doc. 7), Naseeb has not expressed to removal. The lack of consent to removal raises doubts as to the

propriety of removal, and therefore, the case must be remanded. *Moore-Thomas*, 553 F.3d at 1244.

Accordingly, IT IS ORDERED that the motion (Doc. 10) is GRANTED. The above-captioned matter is REMANDED to the Third Judicial District Court of Montana, Granite County.

DATED this 3rd day of November, 2025.

Dana L. Christensen, District Judge
United States District Court